

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00012-CR

Caleb Amyr **ANKH-AMEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2024CR3675
Honorable Jennifer Peña, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
           H. Todd McCray, Justice
           Velia J. Meza, Justice

Delivered and Filed: April 23, 2025

DISMISSED FOR WANT OF JURISDICTION

Appellant, Caleb Amyr Ankh-Amen, attempts to appeal his November 14, 2024, conviction for aggravated assault with a deadly weapon. We dismiss the appeal for want of jurisdiction.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest a court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Unless a criminal defendant timely files a motion for new trial, the defendant must, to invoke an appellate court's jurisdiction, file a notice of appeal within 30 days after the trial court

either imposes or suspends the defendant's sentence in open court or enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). If, however, the defendant files a motion for new trial within 30 days after the date when the trial court imposes or suspends sentence in open court, then the deadline for filing a notice of appeal is extended to 90 days after the day the sentence is imposed or suspended in open court. *See* TEX. R. APP. P. 21.4(a), 26.2(a)(2). Without a timely filed notice of appeal, an appellate court lacks jurisdiction to address the merits of an appeal and can take no action other than to dismiss the appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *Slaton*, 981 S.W.2d at 210.

Here, because the trial court imposed the sentence against Ankh-Amen on November 14, 2024, Ankh-Amen's deadline for filing either a notice of appeal or a motion for new trial was December 16, 2024. *See* TEX. R. APP. P. 4.1(a), 21.4(a), 26.2(a). Ankh-Amen's motion for new trial and notice of appeal were not, however, filed until December 19, 2024—three days after the deadline.[1]

As a result, on March 10, 2025, we ordered Ankh-Amen to show cause why this appeal should not be dismissed for want of jurisdiction. Ankh-Amen, through counsel, filed a response on April 9, 2025, arguing that the notice of appeal was timely through the application of the mailbox rule, because it was post-marked before the deadline and "arrived at the appropriate clerk's office within ten days of" the deadline. *See* TEX. R. APP. P. 9.2(b).

But Ankh-Amen's notice of appeal and motion for new trial were both addressed to the "290th Criminal District Court," not to the trial court clerk:

---

[1] Ankh-Amen filed a "Defendant's Motion to Reconsider Sentence and Motion to Vacate Plea Agreement," which we construe as a motion for new trial.



As a result, the mailbox rule is inapplicable to this case, and neither Ankh-Amen's motion for new trial nor his notice of appeal were timely filed. *See Anderson v. State*, 625 S.W.3d 128, 130–34 (Tex. Crim. App. 2021). Ankh-Amen therefore failed to invoke our jurisdiction, and we lack jurisdiction to take any action other than to dismiss this appeal. *See Castillo*, 369 S.W.3d at 198; *Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522–26.

Moreover, even if Ankh-Amen had timely filed a notice of appeal, the trial court executed a certification of defendant's right of appeal showing that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *Cf. Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) ("If the court chooses to examine a certification after the record is filed, it has the ability to compare the certification to the record and, in that instance, a duty to do so."). Further, in response to our March 10, 2025, order, Ankh-Amen conceded that this is a plea-bargain case, he has no right to appeal, and, despite his attempts to get permission to appeal, the trial court has declined to grant him permission to appeal. Therefore, because Ankh-Amen has no right to appeal, we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

PER CURIAM

DO NOT PUBLISH